# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**NYKA O'CONNOR,**
**D.O.C. # 199579,**

    **Plaintiff,**

vs.                                                          Case No.  4:19cv218-MW/CAS

**WARDEN JACOB COKER, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, a motion requesting leave to proceed with in forma pauperis status, ECF No. 2, and a lengthy motion requesting a preliminary injunction "to provide him adequate care and reasonable accommodations for his serious health needs, disabilities, religion, etc." ECF No. 4.  In addition, Plaintiff filed a "motion to clarify" his motion for preliminary injunction, ECF No. 5, and a "notice and supplement to motion for preliminary injunction."  ECF No. 6.

Plaintiff's in forma pauperis motion asserts that Plaintiff is incarcerated, has been for six months or more, and lacks the ability to pay the filing fee for this case. *Id.* at 1-2. Plaintiff did not submit a prisoner consent form, but he did provide a resident account summary which reveals Plaintiff has maintained a zero balance in his account. *Id.* at 4-11. Thus, Plaintiff clearly lacks the resources to pay the filing fee for this case.

However, Plaintiff's litigation history is also relevant in determining if Plaintiff is entitled to proceed in forma pauperis. *See* 28 U.S.C. § 1915(g). Plaintiff's complaint acknowledges that he has had many cases dismissed as frivolous, malicious, for failing to state a claim, and similar reasons. ECF No. 1 at 6. Plaintiff did not list all of those cases, stating there were "too many to list." *Id.* Nevertheless, judicial notice is taken of Plaintiff's litigation history.

Plaintiff filed case number 3:17cv651-BJD-JBT in the Middle District of Florida. That case was dismissed pursuant to § 1915(g) on June 12, 2017, finding that Plaintiff had eleven prior cases dismissed under the "three strikes" provision of § 1915(g)[1] and was not entitled to in forma

---

[1] The cases listed were: 3:15-cv-1539-J-32PDB, 3:15-cv-1513-J-34JRK; 3:15-cv-1511-J-20JBT; 3:15-cv-1504-J-39MCR; 3:14-cv-1302-J-34JRK; 3:13-cv-1398-J-25JRK; 3:11-cv-307-J-34MCR; 3:11-cv-252-J-34MCR; 3:10-cv-1123-J-34TEM; 3:10-cv-1090-J-

Case No. 4:19cv218-MW/CAS

pauperis status. In this Court alone, Plaintiff previously filed the following cases which were dismissed:[2] (1) case 3:06cv10-RV/MD was dismissed on March 29, 2006, for failing to state a claim; (2) case 3:06cv45-RV/EMT was dismissed on September 22, 2006, for failing to state a claim; and (3) case 3:08cv357-LW/WCS was dismissed on February 20, 2009, also for failing to state a claim. Plaintiff has also attempted to initiate other cases in this Court which were dismissed because they were barred by 28 U.S.C. § 1915(g). *See* case # 3:09cv143-MCR-EMT; case # 4:10cv282-RH-WCS, and case # 3:13cv179-LC-EMT.

This listing of prior case dismissals reveals that Plaintiff is well aware that he is not entitled to in forma pauperis status unless he meets the exception of 28 U.S.C. § 1915(g). That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

---

32JRK; and 3:10-cv-883-J-32TEM. *See* ECF No. 4 of case # 3:17-cv-651.

[2] The list provided is not complete, but is sufficient to demonstrate that Plaintiff is not entitled to in forma pauperis status pursuant to 28 U.S.C. § 1915(g).

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Review of Plaintiff's complaint, ECF No. 1, reveals he is not seeking to proceed based on allegations of imminent danger. Plaintiff's complaint alleges a multitude of separate claims against ten Defendants. The complaint includes 610 numbered paragraphs and spans nearly 50 pages. It is not limited to a claim asserting that Plaintiff faces imminent danger. Indeed, Plaintiff's requests for relief demonstrate the wide-ranging issues he seeks to bring in this one case as he requests: reasonable accommodations, to cease discrimination, to have a referral to specialists, to receive a therapeutic diet, to have an MRI taken, to be given certain items for Holy Days, a referral to a "gastro clinic," reconstructive nerve surgery, to be housed alone, to have "adequate transport vans used," and to require the use of video cameras when Plaintiff's meals are served. *Id.* at 9, 42.

Accordingly, because Plaintiff has had three prior dismissals of cases or appeals which count as "strikes," and he is not brought a complaint which is limited to allegations that Plaintiff faces imminent danger of serious physical injury, the motion to proceed in forma pauperis, ECF No. 2, should be denied and this action dismissed. Plaintiff is well aware that it is insufficient to merely present a "laundry list of injuries" that do not allege

imminent danger.  O'Connor v. Sec'y, Fla. Dep't of Corr., 732 F. App'x 768, 770 (11th Cir. 2018) (affirming dismissal of Plaintiff's complaint under 28 U.S.C. § 1915(g)).  Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $400.00 filing fee at the time of case initiation.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit).  "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status."  Id.  In the alternative, Plaintiff should be required to initiate a new case which is limited to claims of imminent danger and complies with the requirements of Federal Rule of Civil Procedure 8 to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's complaint, ECF No. 1, does not do so.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that all other pending motions be **DENIED,** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he

simultaneously submits the $400.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on June 24, 2019.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv218-MW/CAS